UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JEFFREY R. HERSON,                          )
                                            )
            Plaintiff,                      )          3:11-CV-00633-LRH-WGC
                                            )
    v.                                      )
                                            )          ORDER
THE CITY OF RENO, a municipal               )
corporation; and THE STATE OF NEVADA,       )
                                            )
            Defendants.                     )
_____)

       Before the court are Defendant City of Reno's Motion to Consolidate Pursuant to FRCP 42

and Motion to Dismiss Pursuant to FRCP 12(b) (#9[1]), Plaintiff Jeffrey R. Herson's opposition

(#10), and the City's reply (#12).  Also before the court are the City's Motion to Dismiss for Lack

of Subject Matter Jurisdiction Pursuant to FRCP 12(b)(1) (#13), Herson's opposition (#16), and the

City's reply (#17).

I.     Facts and Procedural History

       This is the second of three related lawsuits challenging the City of Reno's billboard

ordinances.  The first, *Jeffrey R. Herson v. City of Reno (Herson I)*, Case No. 3:11-cv-403-LRH-

VPC, was filed by this same plaintiff on June 8, 2011, and dismissed for lack of standing on

August 19, 2011, in a published decision, *Herson v. City of Reno*, 806 F. Supp. 2d 1141 (D. Nev.

_____

       [1]Refers to the court's docket entry number.

1   2011).  On October 18, 2011, this court also denied Herson's motion for reconsideration in an

2   unpublished order (Doc. #45).  That case is now on appeal.

3          Before the court had even entered its order on Herson's motion for reconsideration in

4   *Herson I*, Herson filed this second lawsuit on September 1, 2011 (#1).  The complaint is nearly

5   identical to the complaint in *Herson I*, with limited exceptions.[2]  For instance, Herson has added an

6   equal protection claim and has pleaded different facts to support his allegation that it would be

7   futile to apply for a sign permit.  This time Herson pleads futility on the existence of a moratorium

8   on the acceptance of applications for new "off-premises advertising displays/billboards," which

9   was rescinded on August 31, 2011, one day before he filed this complaint.  Otherwise, the facts and

10  claims are materially identical.  *See generally Herson I*, 806 F. Supp. 2d at 1143-44.  Herson is still

11  in the business of operating billboards.  And with the permission of the owners of seven parcels in

12  the City of Reno, Herson desires to erect new, permanent billboards on each parcel in order to

13  generate income from the display of others' speech on portions of the billboards and to display his

14  own noncommercial speech on the remaining portions.

15         The City moves to dismiss the complaint on several grounds, including for lack of subject

16  matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  The City contends that Herson lacks standing for

17  the same reasons the court found he lacked standing in *Herson I – i.e.*, he fails to established that he

18  has suffered a sufficiently concrete injury that was caused by the challenged sign regulations and

19  that would be redressable by a favorable decision striking down those regulations.  It also presents a

20  new challenge to Herson's standing, contending that he has never had a business license to engage

21  in the commercial activities upon which his complaint is based.

22  **II.    Standing**

23         Standing to sue is an indispensable part of a federal court's Article III jurisdiction and must

24

25         [2] Herson initially named the State of Nevada as a second defendant in this second lawsuit, but
26  the State has been voluntarily dismissed with prejudice (#7).

1  be addressed by the court before reaching the merits of the case, even if the parties fail to raise it.

2  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *FW/PBS, Inc. v. City of Dallas*, 493 U.S.

3  215, 231 (1990).  "The federal courts are under an independent obligation to examine their own

4  jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'"

5  *FW/PBS*, 493 U.S. at 231 (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)) (brackets in

6  original).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of

7  establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life*

8  *Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

9       To establish the "irreducible constitutional minimum" of Article III standing, a plaintiff

10  must show: (1) he has suffered "injury in fact"; (2) a causal connection between that injury and the

11  defendant's conduct; and (3) it is likely, as opposed to merely speculative, that the injury will be

12  redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61.  Injury in fact is "an invasion of a

13  legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not

14  conjectural or hypothetical." *Id.* at 560 (internal quotations, footnote, and citations omitted).

15  Additionally, a plaintiff must ordinarily establish "prudential standing," which requires him to

16  demonstrate that his claim "is sufficiently individualized to ensure effective judicial review." *Get*

17  *Outdoors II, LLC v. City of San Diego*, 506 F.3d 886, 891 (9th Cir. 2007).  As to overbreadth

18  claims under the First Amendment, however, the requirements of prudential standing are relaxed

19  and the plaintiff need only show that he "can satisfactorily frame the issues on behalf of these non-

20  parties." *Id.*  Still, the Article III standing elements must exist as to all claims.  *Id.*  Also, where a

21  regulatory scheme is challenged, a plaintiff has standing to challenge "only those provisions that

22  applied to it"; the plaintiff "cannot leverage its injuries under certain, specific provisions" to

23  explore the constitutionality of the regulatory scheme generally. *Id.* at 892.

24       A motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) may be

25  raised at any time and may present either a facial or factual attack.  *See* Fed. R. Civ. P. 12(h)(3);

26

1   *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the

2   challenger asserts that the allegations contained in a complaint are insufficient on their face to

3   invoke federal jurisdiction.  By contrast, in a factual attack, the challenger disputes the truth of the

4   allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id.*  In resolving a

5   factual attack, the district court need not presume the truthfulness of the plaintiff's allegations and

6   may consider evidence beyond the pleadings.[3]  *Id.*

7           Here, Herson's claims are expressly and exclusively predicated on his desire to engage in,

8   as he puts it, "the business of operating signs displaying speech."  (Complaint (#1), ¶ 7; *see also id.*

9   at ¶¶ 9-10.)  As the City contends, such commercial activity is plainly subject to the requirement of

10  a business license and the attendant prohibition on non-licensed business operations.  *See* Reno

11  Municipal Code §§ 4.04.007, .020.  Yet during any relevant time period, including when this

12  second lawsuit was filed,[4] Herson has never had a license to do business in the City of Reno.  The

13  City has presented uncontroverted evidence of this fact, and Herson does not dispute it.

14  Consequently, the alleged injury suffered—the inability to erect and display signs for profit—was

15  neither caused by the challenged ordinances nor redressable by a decision in his favor.  Regardless

16  of the existence of the challenged ordinances or how the court might rule on their constitutionality,

17  Herson could not have lawfully engaged in his desired activities.

18          On this basis alone, the court once again finds that Herson lacks standing to bring any of the

19  claims alleged in his complaint.  Herson's arguments in opposition are entirely without merit.  The

20

21          [3]Herson contends that the City's Rule 12(b)(1) motion "is, in reality, a motion that should be
    treated 'as one for summary judgment under Rule 56,' because Reno argues facts not contained within
22  the Complaint," citing Fed. R. Civ. P. 12(d).  (Opposition (#16), p. 1.)  This argument is meritless.
    Rule 12(d) expressly applies only to motions "under Rule 12(b)(6) or 12(c)"—i.e., motions to dismiss
23  for failure to state a claim upon which relief can be granted and motions for judgment on the
    pleadings—not motions for lack of subject-matter jurisdiction under Rule 12(b)(1).

24

25          [4]"'The existence of federal jurisdiction ordinarily depends on the facts *as they exist when the
    complaint was filed*.'"  *Lujan*, 504 U.S. at 571 n.4 (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*,
26  490 U.S. 826, 830 (1989)) (emphasis in *Lujan*).

4

1    court therefore need not reach the additional grounds raised by the City for challenging Herson's

2    standing to sue or otherwise expend any more of its resources on this matter.

3         IT IS THEREFORE ORDERED that the City of Reno's Motion to Dismiss for Lack of

4    Subject Matter Jurisdiction (#13) is GRANTED.  Plaintiff's Complaint (#1) is hereby DISMISSED

5    for lack of jurisdiction.

6         IT IS SO ORDERED.

7         DATED this 23rd day of August, 2012.

8

9

10                                 _____
                                   LARRY R. HICKS
11                                 UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

5