UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JEFFREY R. HERSON,

    Plaintiff,

v.

THE CITY OF RENO, a municipal corporation; and THE STATE OF NEVADA,

    Defendants.

3:11-CV-00633-LRH-WGC

ORDER

Before the court are Defendant City of Reno's Motion to Consolidate Pursuant to FRCP 42 and Motion to Dismiss Pursuant to FRCP 12(b) (#9[1]), Plaintiff Jeffrey R. Herson's opposition (#10), and the City's reply (#12).  Also before the court are the City's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to FRCP 12(b)(1) (#13), Herson's opposition (#16), and the City's reply (#17).

I. **Facts and Procedural History**

This is the second of three related lawsuits challenging the City of Reno's billboard ordinances.  The first, *Jeffrey R. Herson v. City of Reno (Herson I)*, Case No. 3:11-cv-403-LRH-VPC, was filed by this same plaintiff on June 8, 2011, and dismissed for lack of standing on August 19, 2011, in a published decision, *Herson v. City of Reno*, 806 F. Supp. 2d 1141 (D. Nev.

---

[1]Refers to the court's docket entry number.

2011).  On October 18, 2011, this court also denied Herson's motion for reconsideration in an unpublished order (Doc. #45).  That case is now on appeal.

Before the court had even entered its order on Herson's motion for reconsideration in *Herson I*, Herson filed this second lawsuit on September 1, 2011 (#1).  The complaint is nearly identical to the complaint in *Herson I*, with limited exceptions.[2]  For instance, Herson has added an equal protection claim and has pleaded different facts to support his allegation that it would be futile to apply for a sign permit.  This time Herson pleads futility on the existence of a moratorium on the acceptance of applications for new "off-premises advertising displays/billboards," which was rescinded on August 31, 2011, one day before he filed this complaint.  Otherwise, the facts and claims are materially identical.  *See generally Herson I*, 806 F. Supp. 2d at 1143-44.  Herson is still in the business of operating billboards.  And with the permission of the owners of seven parcels in the City of Reno, Herson desires to erect new, permanent billboards on each parcel in order to generate income from the display of others' speech on portions of the billboards and to display his own noncommercial speech on the remaining portions.

The City moves to dismiss the complaint on several grounds, including for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  The City contends that Herson lacks standing for the same reasons the court found he lacked standing in *Herson I – i.e.*, he fails to established that he has suffered a sufficiently concrete injury that was caused by the challenged sign regulations and that would be redressable by a favorable decision striking down those regulations.  It also presents a new challenge to Herson's standing, contending that he has never had a business license to engage in the commercial activities upon which his complaint is based.

**II.     Standing**

Standing to sue is an indispensable part of a federal court's Article III jurisdiction and must

---

[2] Herson initially named the State of Nevada as a second defendant in this second lawsuit, but the State has been voluntarily dismissed with prejudice (#7).

2

be addressed by the court before reaching the merits of the case, even if the parties fail to raise it. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). "The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'" *FW/PBS*, 493 U.S. at 231 (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)) (brackets in original). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

To establish the "irreducible constitutional minimum" of Article III standing, a plaintiff must show: (1) he has suffered "injury in fact"; (2) a causal connection between that injury and the defendant's conduct; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61. Injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 560 (internal quotations, footnote, and citations omitted). Additionally, a plaintiff must ordinarily establish "prudential standing," which requires him to demonstrate that his claim "is sufficiently individualized to ensure effective judicial review." *Get Outdoors II, LLC v. City of San Diego*, 506 F.3d 886, 891 (9th Cir. 2007). As to overbreadth claims under the First Amendment, however, the requirements of prudential standing are relaxed and the plaintiff need only show that he "can satisfactorily frame the issues on behalf of these non-parties." *Id.* Still, the Article III standing elements must exist as to all claims. *Id.* Also, where a regulatory scheme is challenged, a plaintiff has standing to challenge "only those provisions that applied to it"; the plaintiff "cannot leverage its injuries under certain, specific provisions" to explore the constitutionality of the regulatory scheme generally. *Id.* at 892.

A motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) may be raised at any time and may present either a facial or factual attack. *See* Fed. R. Civ. P. 12(h)(3);

3

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* In resolving a factual attack, the district court need not presume the truthfulness of the plaintiff's allegations and may consider evidence beyond the pleadings.[3] *Id.*

Here, Herson's claims are expressly and exclusively predicated on his desire to engage in, as he puts it, "the business of operating signs displaying speech." (Complaint (#1), ¶ 7; *see also id.* at ¶¶ 9-10.) As the City contends, such commercial activity is plainly subject to the requirement of a business license and the attendant prohibition on non-licensed business operations. *See* Reno Municipal Code §§ 4.04.007, .020. Yet during any relevant time period, including when this second lawsuit was filed,[4] Herson has never had a license to do business in the City of Reno. The City has presented uncontroverted evidence of this fact, and Herson does not dispute it. Consequently, the alleged injury suffered—the inability to erect and display signs for profit—was neither caused by the challenged ordinances nor redressable by a decision in his favor. Regardless of the existence of the challenged ordinances or how the court might rule on their constitutionality, Herson could not have lawfully engaged in his desired activities.

On this basis alone, the court once again finds that Herson lacks standing to bring any of the claims alleged in his complaint. Herson's arguments in opposition are entirely without merit. The

---

[3] Herson contends that the City's Rule 12(b)(1) motion "is, in reality, a motion that should be treated 'as one for summary judgment under Rule 56,' because Reno argues facts not contained within the Complaint," citing Fed. R. Civ. P. 12(d). (Opposition (#16), p. 1.) This argument is meritless. Rule 12(d) expressly applies only to motions "under Rule 12(b)(6) or 12(c)"—i.e., motions to dismiss for failure to state a claim upon which relief can be granted and motions for judgment on the pleadings—not motions for lack of subject-matter jurisdiction under Rule 12(b)(1).

[4] "'The existence of federal jurisdiction ordinarily depends on the facts *as they exist when the complaint was filed*.'" *Lujan*, 504 U.S. at 571 n.4 (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989)) (emphasis in *Lujan*).

court therefore need not reach the additional grounds raised by the City for challenging Herson's standing to sue or otherwise expend any more of its resources on this matter.

IT IS THEREFORE ORDERED that the City of Reno's Motion to Dismiss for Lack of Subject Matter Jurisdiction (#13) is GRANTED. Plaintiff's Complaint (#1) is hereby DISMISSED for lack of jurisdiction.

IT IS SO ORDERED.

DATED this 23rd day of August, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE